IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )
                               )
v.                             )          Case No. CR-18-29-SLP
                               )
NAIF ABDULAZIZ M. ALFALLAJ,    )
                               )
            Defendant.         )

SCHEDULING ORDER

This order is entered based on the filings submitted by counsel for the Government

and for Defendant [Doc. Nos. 54-55]. Counsel for the Government and for Defendant

conferred and submitted a proposed schedule, which the Court adopts as set forth herein.

Therefore, a schedule leading to the trial of this case on the February 2019 jury docket is

set forth below with related matters.

1.      The Court adopts and reaffirms its Speedy-Trial-Act findings from its Order

of July 5, 2018 [Doc. 56]. Those findings were made on the basis of the Court's familiarity

with this case, as well as the representations of counsel for the Government and for

Defendant.

2.      The parties' report[1] to the Court on the status of discovery, as set forth in the

schedule below, shall disclose the following matters:

---

[1] The Government has requested, and Defendant has agreed, that Defendant will provide
reciprocal discovery in this case. Therefore, both the Government and Defendant will
comply with the requirements included in ¶ 2.

A.     A general description, with itemization by descriptive categories, of the nature of the materials that have been produced to the Government and to Defendant, with attention specifically to the status of retrieval, processing, and production of electronically stored information.

B.     A general description, with itemization by descriptive categories, of the nature of the materials that the Government or Defendant intends to produce but has yet to produce with a statement of the intended "not later than" date of production date for each category.

C.     A statement of the date by which the Government or Defendant anticipates that its/his production of discovery materials will be substantially complete, except as to (i) materials described in Federal Rule of Criminal Procedure 16(a)(1)(F)-(G) and (ii) materials which may be generated or obtained by the Government or by Defendant after the date of the report as a result of the Government's or Defendant's on-going activities in the case.

3.     To the extent this order is inconsistent with Local Criminal Rules, this order governs.

4.     Counsel will note that the dates set forth below are "not later than" dates. The Court anticipates and expects that, in those instances in which activities contemplated by this schedule can be completed in advance of the date specified, such will be done.

5.     The Court states its expectation that all counsel will give this case the high priority that it warrants, to the end that procedural and discovery problems can and will be anticipated and avoided, and to the end that significant modifications of this schedule will

not be necessary.  On that point, the Court expects that all counsel will be mindful of the fact that almost all of the steps contemplated by the schedule set forth below are interrelated with other steps and that the opposing party, as well as the Court, will proceed in reliance not only upon the schedule as written but also upon a firm expectation that all counsel will discharge their duties in a thoroughly professional and timely way.

6.      The filing of reply briefs will not be permitted except by leave of the Court, which will be sparingly granted on the basis of a compelling showing.  Any motion seeking leave to file a reply brief must be filed within two working days after the filing of the response brief.

7.      The parties in this matter shall conform to the schedule set forth below:

| No. | Date | Event / Deadline |
|-----|------|------------------|
| 1. | 09/14/2018 | Parties to file report to the Court as to the status of discovery conforming to the requirements set forth in ¶ 2 supra. |
| 2. | 10/12/2018 | Motions[2] (i) to dismiss the indictment that do not rely upon evidentiary materials outside the face of the indictment, (ii) pursuant to Rule 12(b)(3)(A)-(B), and/or (iii) for bill of particulars. |
| 3. | 10/15/2018 | Motions seeking severance counts under Rule 14 or on any other basis and/or motions which, if granted, would result in a trial of this case in a judicial district other than the Western District of Oklahoma. |

---

[2] Counsel are reminded of Local Civil Rule 7.1(c), made applicable in this case by Local Criminal Rules 1.3 and 12.1(e), which states, in pertinent part, that: "*Each motion filed shall be a separate document,* except where otherwise allowed by law, these rules, or court order.  A response to a motion may not also include a motion or a cross-motion made by the responding party."  (emphasis added).

| No. | Date | Event / Deadline |
|-----|------|------------------|
| 4. | 10/15/2018 | Notices pursuant to Rule 12.2.[3] |
| 5. | 11/09/2018 | Responses to 2-4. |
| 6. | 11/16/2018 | Government disclosures pursuant to Rule 16(a)(1)(F)-(G).[4] |
| 7. | 11/16/2018 | Motions and notices pursuant to CIPA and motions to take testimony by deposition (Rule 15).[5] |
| 8. | 12/11/2018 | Responses to 7. |
| 9. | To be set | Hearing on motions that are at issue. |

---

[3] If any timely notices are filed pursuant to Rule 12.2, the Court will, by separate order, establish a schedule governing matters relating to the issues thereby raised.

[4] With respect to written summaries of proposed expert testimony, counsel for the Government and for Defendant must be mindful that summaries must "describe the witness[es'] opinions, the bases and reasons for those opinions, and the witness[es'] qualifications." Fed. R. Crim. P. 16(a)(1)(G); *see id.* Rule 16(b)(1)(C). Summaries of proposed expert testimony "should cover not only written and oral reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703, including opinions of other experts." Fed. R. Crim. P. 16 advisory committee's note (1993); *see United States v. Jackson*, 51 F.3d 646, 651 (7th Cir. 1995). *Cursory summaries of proposed expert testimony will not suffice.* Rule 16 and Rule 702 (with the resultant gatekeeper responsibility) apply to "soft" and "hard" expert testimony. *See, e.g.*, *United States v. Cruz*, 363 F.3d 187, 192-93 (2d Cir. 2004).

[5] This deadline does not apply where the need for the deposition was not known, and could not reasonably have been known, prior to the deadline. In those instances in which the need for the deposition was not known, and could not reasonably have been known, prior to the deadline, the motion shall be filed as soon as reasonably possible after the need becomes known. The Court will give close scrutiny to the timeliness of motions filed less than thirty days before the date that trial is set to begin.

| No. | Date | Event / Deadline |
|---|---|---|
| 10. | 12/14/2018 | Motions (i) to dismiss that are based on materials outside the face of the indictment, (ii) to suppress or exclude evidence (including statements by Defendant) or testimony as having been obtained contrary to law, and/or (iii) for *James* hearing.[6] |
| 11. | 12/14/2018 | Notices required by Rule 26.1. |
| 12. | 12/17/2018 | Defense disclosures pursuant to Rule 16(b)(1)(B), (b)(1)(C)(i). |
| 13. | 12/31/2018 | Government to file summary of evidence (for *James* hearing purposes only) that (1) a conspiracy existed, (2) the declarant and Defendant were both members of the conspiracy and (3) the statements were made in the course of and in furtherance of the conspiracy. Summary to include the evidence establishing the date by which Defendant joined the conspiracy and a compendium of the statements the Government proposes to offer at trial under Rule of Evidence 801(d)(2)(E). The compendium will serve as a guide for the benefit of the Court at the *James* hearing, and not in lieu of the evidence to be presented at the *James* hearing. The compendium will provide a summary of the statements the Government proposes to offer at trial under Rule 801(d)(2)(E). The compendium will, for each statement, provide the general content of the statement, the identity of the speaker, the identity of the other individuals present when the statement was made, and the approximate date the statement was made. The compendium may be filed under seal, but it will not be an ex parte submission.[7] |

---

[6] Any motion to suppress shall set forth with particularity the items of evidence or statement(s) to which the motion is addressed, and each such motion shall set forth specific factual details to support any claim that such evidence was unlawfully obtained. Any motion to suppress not containing such specific information or any motion cast in conclusory or conjectural terms may be stricken. Each motion to suppress must include the specific legal grounds upon which it is contended that any such item of evidence or statement was unlawfully obtained and citation to and argument based on appropriate legal authority. The parties should be mindful of the Protective Order Governing Discovery [Doc. No. 28] when making filings in this case.

[7] If the Government desires to withhold, for the time being, the actual identity of any person whose identity is otherwise required by this order to be disclosed in the compendium, the Government shall file, not later than December 10, 2018, a motion seeking permission to do so. Any such motion may be filed under seal and shall clearly state (i) the factual basis

(cont'd. on next page)

| No. | Date | Event / Deadline |
|-----|------|------------------|
| 14. | 01/04/2019 | Responses to 10-11. |
| 15. | To be set | Hearing on motions at issue (including *James* hearing if necessary). |
| 16. | 01/07/2019 | Motions challenging the admissibility of expert testimony under *Daubert*/Rule 702. |
| 17. | 01/10/2019 | Applications for subpoena pursuant to Rule 17(a) or 17(c). |
| 18. | 01/10/2019 | Motions (i) in limine seeking to exclude evidence on any basis not subject to an earlier deadline, or seeking a pretrial determination that evidence is admissible and/or (ii) not otherwise provided for in this schedule (except motions as to which a clear showing is made that the matter could not reasonably have been anticipated prior to this deadline). |
| 19. | 01/14/2019 | Rule 404(b) notices.[8] |
| 20. | 01/21/2019 | Responses to 16. |
| 21. | To be set | Hearing on *Daubert*/Rule 702 motions. |
| 22. | 01/21/2019 | Requested jury instructions and verdict forms.[9] |
| 23. | 01/24/2019 | Responses to 18. |
| 24. | 01/28/2019 | Objections to 22. |

---

on which the Government relies in seeking to temporarily withhold the identity information and (ii) the reasons for which the Government submits that temporary withholding of identity information will not unduly impair the ability of the Court or Defendant's counsels to discharge their respective duties with respect to the determination of the issues before the Court at the *James* hearing.

[8] Rule 404(b) notices filed on or before this date shall be treated presumptively as "reasonable notice" within the meaning of Rule 404(b)(2)(A). The timeliness of any Rule 404(b) notice given after this date may be challenged by motion filed as soon as practicable after the notice is served.

[9] Counsel are required to comply with Local Criminal Rule 30.1 except for its timing requirement, which is superseded by this order. Proposed jury instructions must include an index. Defendant's proposed jury instructions shall be accompanied by a statement as to whether Defendant waives jury trial as to forfeiture issues, if applicable.

| No. | Date | Event / Deadline |
|-----|------|------------------|
| 25. | To be set | Hearing on pending motions. |
| 26. | 01/30/2019 | Production by the Government of (i) *Brady* and *Giglio* material not previously produced and (ii) *Jencks* (18 U.S.C. § 3500) material not previously produced.[10] |
| 27. | 01/30/2019 | Trial briefs, requested voir dire, and proposed summary of indictment. |
| 28. | 02/05/2019 | Final pretrial conference[11] and preliminary conference with respect to jury instructions. |
| 29. | 02/12/2019 | Jury selection and trial (anticipated date; 2019 court calendar not yet published).[12] |

IT IS SO ORDERED this 7th day of August, 2018.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[10] The Court expects, but does not direct, that the Government will make reasonable efforts to produce *Brady* and *Giglio* material as it is obtained.

[11] Lead trial counsel must attend this conference.

[12] The Court may, in its discretion, start the trial after a short interval (e.g. one or two weeks) after completion of jury selection. Consequently, counsel should not assume that the trial will begin immediately after jury selection.