## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   No.  CR-18-029-SLP |
| | ) |
| NAIF ABDULAZIZ M. ALFALLAJ, | ) |
| a/k/a Al-Muthana Al-Najdi, | ) |
| | ) |
| Defendant. | ) |

### PLEA AGREEMENT

### Introduction

1.     This   document,   in   conjunction   with   a   Supplement   filed
contemporaneously under seal, contains the entire plea agreement between defendant, Naif
Abdulaziz M. Alfallaj, a/k/a Al-Muthana Al-Najdi, and the United States through its
undersigned attorney.   No other agreement or promise exists, nor may any additional
agreement be entered into unless in writing and signed by all parties.   Any unilateral
modification of this agreement is hereby rejected by the United States.   This agreement
applies only to the criminal violations described and does not apply to any civil matter or
any civil forfeiture proceeding except as specifically set forth.   This agreement binds only
the United States Attorney's Office of the Western District of Oklahoma and does not bind
any other federal, state, or local prosecuting, administrative, or regulatory authority.   If

defendant does not accept the terms of this agreement by noon, December 6, 2018, the offer is withdrawn.

## Guilty Plea

2.      Defendant agrees to enter a plea of guilty to Count One in Case Number CR-18-029-SLP charging Visa Fraud, in violation of Title 18, United States Code, § 1546(a).  To be found guilty of violating Title 18, United States Code, § 1546(a), as charged in the Indictment, defendant must admit, and does admit: 1) that defendant knowingly possessed a nonimmigrant visa; 2) that the nonimmigrant visa was procured by means of a materially false statement or fraud; and 3) that defendant knew the nonimmigrant visa was procured by means of a materially false statement or fraud.

Defendant also agrees to enter a plea of guilty to Count Three in Case Number CR-18-029-SLP charging False, Fictitious, or Fraudulent Statements Involving International Terrorism, in violation of Title 18, United States Code, § 1001(a)(2).  To be found guilty of violating Title 18, United States Code, § 1001(a)(2), as charged in the Indictment, defendant must admit, and does admit: 1) that defendant made a false statement or representation to a federal agent; 2) that defendant made the statement with knowledge it was false; 3) that defendant made the statement willfully, that is, deliberately, voluntarily, and intentionally; 4) that the statement was made in a matter within the jurisdiction of the executive branch of the United States; 5) that the statement was material; and 6) that the statement involved an offense of international terrorism.

2

## Maximum Penalty, Restitution and Special Assessments

3.     The maximum penalties that could be imposed as a result of this plea

are:

- a. Count One:   ten (10) years of imprisonment or a fine of $250,000.00, or both such fine and imprisonment, as well as a mandatory special assessment of $100.00, and a term of supervised release of not more than three (3) years; and

- b. Count Three:   eight (8) years of imprisonment or a fine of $250,000.00, or both such fine and imprisonment, as well as a mandatory special assessment of $100.00, and a term of supervised release of not more than three (3) years.

In addition to the punishment described above, a plea of guilty can affect immigration status. If defendant is not a citizen of the United States, a guilty plea may result in deportation and removal from the United States, may prevent him from ever lawfully reentering or remaining in the United States, and may result in the denial of naturalization. As part of this plea agreement, defendant agrees to the entry of a stipulated judicial order of removal pursuant to Title 8, United States Code, §§ 1228(c)(5) and 1227, specifically admitting that he is a native and citizen of Saudi Arabia and that he is removable from the United States pursuant to paragraphs 8 through 11 of this plea agreement.

3

4.    In addition, the Court must order the payment of restitution to any victim(s) of the offense. Pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A, the parties further agree that, as part of the sentence resulting from defendant's plea, the Court will enter an order of restitution to all victims of defendant's relevant conduct as determined by reference to the United States Sentencing Guidelines.

5.    Defendant agrees to pay the special assessment due the United States to the Office of the United States Court Clerk immediately following sentencing. Defendant understands that any fine or restitution ordered by the Court is immediately due unless the Court provides for payment on a date certain or in installments.

6.    For certain statutory offenses, the Court must also impose a term of supervised release, which defendant will begin to serve after being released from custody. For all other offenses, the Court may impose a term of supervised release to be served following release from custody. During the term of supervised release, defendant will be subject to conditions that will include prohibitions against violating local, state, or federal law, reporting requirements, restrictions on travel and residence, and possible testing for controlled substance use. If defendant violates the conditions of his supervised release, the Court may revoke his supervised release and sentence him to an additional term of imprisonment. This additional term of imprisonment would be served without credit for the time defendant successfully spent on supervised release. When combined, the original term of imprisonment and any subsequent term of imprisonment the Court imposes may exceed the statutory maximum prison term allowable for the offense.

4

Naif Abdulaziz M. Alfallaj Plea Agreement

## Sentencing Guidelines

7.     The parties acknowledge that 18 U.S.C. § 3553(a) directs the Court to consider certain factors in imposing sentence, including the Sentencing Guidelines promulgated by the United States Sentencing Commission. Consequently, although the parties recognize that the Sentencing Guidelines are only advisory, they have entered into certain stipulations and agreements with respect to the Guidelines. Based upon the information known to the parties on the date this agreement is executed, they expect to take, but are not limited to, the following positions at sentencing:

The parties agree defendant should receive a 2-level downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a), if he commits no further crimes, does not falsely deny or frivolously contest relevant conduct, and fully complies with all of the other terms of this agreement. Further, to the extent the Court finds defendant qualifies for that 2-level downward adjustment and USSG § 3E1.1(b) is applicable, the government agrees to move for the additional 1-level downward adjustment of § 3E1.1(b), if defendant accepts the terms of this plea agreement by the deadline established in Paragraph 1.

Apart from any expressed agreements and stipulations, the parties reserve the right to advocate for, and present evidence relevant to, other guideline adjustments and sentencing factors for consideration by the U.S. Probation Office and the Court. Specifically, but not limited to, the United States intends to advocate for, and present evidence related to the fact that the offense/matter involved and was related to international

terrorism as contemplated by U.S.S.G. § 3A1.4 (Terrorism Adjustment).   Defendant reserves the right to advocate against, and present evidence against this Terrorism Adjustment.

## **Stipulation to Judicial Order of Removal**

8.    Defendant agrees to the entry of a stipulated judicial order of removal pursuant to Title 8, United States Code, §§ 1228(c)(5) and 1227.   Specifically, defendant admits that he is a native and citizen of Saudi Arabia and that he is removable from the United States pursuant to:

a. Title 8, United States Code, § 1227(a)(1)(A), as an alien who at the time of entry or of adjustment of status, was within one or more of the classes of aliens inadmissible by the law existing at such time, to wit: aliens who seek to procure, or have sought to procure, or who have procured a visa, other documentation, or admission into the United States, or other benefit provided under the Act, by fraud or by willfully misrepresenting a material fact, under Title 8, United States Code, § 1182(a)(6)(C)(i);

b. Title 8, United States Code, § 1227(a)(4)(B), as an alien who is described in Title 8, United States Code, § 1182(a)(3)(B)(i)(I), for having engaged in a terrorist activity;

c. Title 8, United States Code, § 1227(a)(4)(B), as an alien who is described in Title 8, United States Code, § 1182(a)(3)(B)(i)(VIII), for receiving military-type training from or on behalf of a terrorist organization;

6

d. Title 8, United States Code, § 1227(a)(1)(C)(i), as an alien who after admission as a nonimmigrant under Title 8, United States Code, § 1101(a)(15) failed to maintain or comply with the conditions of the nonimmigrant status in which defendant was admitted; and

e. Title 8, United States Code, § 1227(a)(2)(A)(ii), as an alien who after admission has been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

9.    Voluntary Waiver of Rights:  After consultation with counsel and understanding the legal consequences of doing so, defendant knowingly and voluntarily waives the right to the notice and hearing provided for in Title 8, United States Code, § 1228(c)(2) and further waives any and all rights to appeal, reopen, reconsider, or otherwise challenge this stipulated removal order.  Defendant understands and knowingly waives his right to a hearing before an immigration judge or any other authority under the Immigration and Nationality Act ("INA"), on the question of defendant's removability from the United States.  Defendant further understands the rights defendant would possess in a contested administrative proceeding and waives these rights, including defendant's right to examine the evidence against him, to present evidence on his behalf, and to cross-examine the witnesses presented by the government.

Defendant agrees to waive his rights to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations.  These rights include, but are not limited to, the ability to apply for the

7

following forms of relief or protection from removal: asylum; withholding of removal under Title 8, United States Code, § 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. § 208; cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Title 8, United States Code, §§ 1182(h) or 1182(i); visa petitions; consular processing; and voluntary departure or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States. As part of this agreement, defendant specifically acknowledges and states that defendant has not been persecuted in, and has no present fear of persecution in, Saudi Arabia on account of his race, religion, nationality, membership in a particular social group, or political opinion. Similarly, defendant further acknowledges and states that defendant has not been tortured in, and has no present fear of torture in Saudi Arabia.

Defendant hereby requests that an order be issued by this Court for his removal to Saudi Arabia. Defendant agrees to accept a written order of removal as a final disposition of these proceedings and waives any and all rights to challenge any provision of this agreement in any United States or foreign court or tribunal.

Defendant hereby agrees to make the judicial order of removal a public document, waiving his privacy rights, including his privacy rights under 8 C.F.R. § 208.6. At the request of the U.S. Attorney's Office, U.S. Immigration and Customs Enforcement ("ICE") concurs with the government's request for a judicial order of removal. As a result

8

of the above-referenced order, upon the completion of defendant's criminal proceedings, including any sentence of incarceration and any court-imposed supervision, defendant shall be removed to Saudi Arabia.

10.     Assistance in the Execution of Removal: Defendant agrees to assist ICE in the execution of his removal.  Specifically, defendant agrees to assist ICE in the procurement of any travel or other documents necessary for defendant's removal; to meet with and to cooperate with representatives of the country or countries to which defendant's removal is directed; and, to execute those forms, applications, or waivers needed to execute or expedite defendant's removal.  Defendant further understands that his failure or refusal to assist ICE in the execution of his removal shall breach this plea agreement and may subject defendant to criminal penalties under Title 8, United States Code, § 1253.

11.     Re-entry and Penalties:  Defendant concedes that the entry of this judicial order of removal renders him permanently inadmissible to the United States. He agrees that he will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

## Waiver of Right to Appeal and Bring Collateral Challenge

12.     Defendant understands that the Court will consider those factors in 18 U.S.C. § 3553(a) in determining his sentence.  Defendant further understands that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 give him the right to appeal the judgment and sentence

imposed by the Court. Acknowledging all this, and in exchange for the promises and concessions made by the United States in this plea agreement, defendant knowingly and voluntarily waives the following rights:

a.      Defendant waives his right to appeal his guilty plea, and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

b.      Except as stated immediately below, defendant waives his right to appeal his sentence as imposed by the Court, including any restitution, and the manner in which the sentence is determined. If the sentence is above the advisory guideline range determined by the Court to apply to his case, this waiver does not include defendant's right to appeal specifically the substantive reasonableness of his sentence;

c.      Defendant waives his right to collaterally challenge or move to modify (under 28 U.S.C. § 2255, 18 U.S.C. § 3582(c)(2), or any other ground) his conviction or sentence, including any restitution, except with respect to claims of ineffective assistance of counsel.

Defendant acknowledges that these waivers remain in full effect and are enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in paragraph 7.

13.     Except as stated immediately below, the United States agrees to waive its right under 18 U.S.C. § 3742 to appeal the sentence imposed by the Court and the manner in which the sentence was determined. If the sentence is below the advisory

10

guideline range determined by the Court to apply to this case, this waiver does not include the right of the United States to appeal specifically the substantive reasonableness of the sentence.

## Waiver of Claim to Prevailing Party Status

14.     Defendant expressly acknowledges that he is not a "prevailing party" within the meaning of 18 U.S.C. § 3006A with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement.  If defendant is represented by retained counsel, he voluntarily, knowingly, and intelligently waives any rights he may have to seek reasonable attorney's fees and other litigation expenses under 18 U.S.C. § 3006A.

## Waiver of Further Discovery

15.     Defendant understands, agrees, and has had explained to him by counsel that by entering this plea agreement he is giving up the right to challenge the government's decision to withhold production of classified information and to receive further pretrial discovery from the government except as necessary to prepare for sentencing proceedings.  The government has provided, and will continue to provide, any information known to the government establishing the factual innocence of defendant.

## Waiver of FOIA and Privacy Act Rights

16.     Defendant waives all rights, whether asserted directly or by a representative, to request of or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including but not

11

limited to records that defendant may seek under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 522a.

## Obligations of Defendant

17.     Defendant shall commit no further crimes. It is understood that should defendant commit any further crimes or should it be determined that he has knowingly given false, incomplete, or misleading testimony or information, or should he otherwise violate any provision of this agreement, the United States may declare this agreement null and void and prosecute defendant for any and all his federal criminal violations, including perjury and obstruction of justice. Any prosecution within the scope of this investigation that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be brought against defendant, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement of that prosecution. Defendant hereby waives all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed.

18.     The parties also recognize that if the Court determines defendant has violated any provision of this agreement or authorizes defendant to withdraw from his knowing and voluntary guilty plea entered pursuant to this agreement: (a) all written or oral statements made by defendant to the Court or to federal or other designated law enforcement agents, any testimony given by defendant before a grand jury or other tribunal, whether before or after the signing of this agreement, and any leads from those statements

12

Naif Abdulaziz M. Alfallaj Plea Agreement

or testimony, shall be admissible in evidence in any criminal proceeding brought against defendant; and (b) defendant shall assert no claim under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule or law that those statements or any leads from those statements should be suppressed. Defendant knowingly and voluntarily waives the rights described in this paragraph as of the time he signs this agreement.

## The Obligations of the United States

19.     If defendant enters a plea of guilty as described above and fully meets all obligations under this agreement, the United States will move to dismiss at sentencing Count Two of the Indictment, he will not be further prosecuted by the United States Attorney's Office for the Western District of Oklahoma for any crimes related to his visa fraud during the period from in or about March 2012 to February 6, 2018, and his false statements on December 4, 2017. This agreement does not provide any protection against prosecution for any crime not specifically described above.

20.     The United States reserves the right to inform the Probation Office and the Court of the nature and extent of defendant's activities with respect to this case and all other activities of defendant which the United States deems relevant to sentencing.

_____

13

**Signatures**

21.  By signing this agreement, defendant acknowledges that he has discussed its terms with his attorneys and understands and accepts those terms.  Further, defendant acknowledges that this document, in conjunction with the Plea Supplement filed contemporaneously under seal, contains the only terms of the agreement concerning his plea of guilty in this case, and that there are no other deals, bargains, agreements, or understandings which modify or alter these terms.

Dated this 5th day of December, 2018.

ROBERT J. TROESTER
First Assistant U.S. Attorney

**APPROVED:**

TRAVIS SMITH
Deputy Chief, Criminal Division

MATT DILLON
SCOTT E. WILLIAMS
Assistant U.S. Attorneys
Western District of Oklahoma
210 Park Avenue, Ste. 400
Oklahoma City, Oklahoma 73102
(405) 553-8700 (Office)
(405) 553-8888 (Fax)

WILLIAM H. CAMPBELL
MICHAEL A. ABEL
KENNY R. GOZA
Attorneys for the Defendant

NAIF ABDULAZIZ M. ALFALLAJ
Defendant

s/David C. Smith  by Matt Dillon
DAVID C. SMITH
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice.

Interpreter/Linguist for the Defendant

14

Naif Abdulaziz M. Alfallaj Plea Agreement