1          IN THE UNITED STATES DISTRICT COURT

2         FOR THE WESTERN DISTRICT OF OKLAHOMA

3
   UNITED STATES OF AMERICA,          )
4                                      )
                                       )
5              Plaintiff,              )
                                       )
6   vs.                                )    CASE NO. CR-18-29-SLP
                                       )
7                                      )
   NAIF ABDULAZIZ ALFALLAJ,            )
8                                      )
                                       )
9              Defendant.              )
10                                     )

11                  * * * * * *

12      TRANSCRIPT OF CHANGE OF PLEA PROCEEDINGS

13      BEFORE THE HONORABLE SCOTT L. PALK

14         UNITED STATES DISTRICT JUDGE

15            DECEMBER 14, 2018

16                  * * * * * *

17

18

19

20

21

22

23

24

25  Proceedings recorded by mechanical stenography; transcript
    produced by computer-aided transcription.

1

2                                    APPEARANCES

3        Mr. Matt B. Dillon, Assistant United States Attorney, U.S.
     Attorney's Office, 210 West Park Avenue, Suite 400,
4    Oklahoma City, Oklahoma 73102, appearing for the United States of
     America.

5

6        Mr. William H. Campbell, Attorney at Law, 925 NW 6th St
     Oklahoma City, Oklahoma  73106, appearing for the defendant.

7        Mr. Michael A. Abel, Attorney at Law, PO Box 701197,
     Tulsa, Oklahoma  74170, appearing for the defendant.

8

9        Mr. Kenny R. Goza, Goza Law Firm, 101 Park Avenue, Suite 460
     Oklahoma City, Oklahoma  73102, appearing for the defendant.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1      (Proceedings had on December 14, 2018.)

2          THE COURT:  This case comes on United States vs. Naif

3  Abdulaziz M. Alfallaj, Case No. CR-18-29.

4      If the parties could please make their appearances for the

5  record.

6          MR. DILLON:  Matt Dillon on behalf of the United

7  States.

8          MR. CAMPBELL:  William Campbell, Your Honor, appearing

9  on behalf and with the defendant, Mr. Alfallaj.  Also present at

10  counsel table is attorney Kenny Goza and Mr. Mike Abel,

11  co-counsel in the case.

12          THE COURT:  Mr. Campbell, you also have an interpreter

13  at the table; is that correct?

14          MR. CAMPBELL:  Yes, Your Honor, Nabil Salem,

15  interpreter from Miami.

16          THE COURT:  Thank you.

17      Mr. Campbell, I don't know how you want to do this, but

18  which -- whoever is actually going to be the primary in terms of

19  speaking, would you and Mr. Alfallaj please approach the podium?

20          MR. CAMPBELL:  Yes, Your Honor.  Thank you.

21      (Defendant sworn.)

22          THE COURT:  Thank you.  Sir, if you could, please be

23  sure and speak directly into that microphone and adjust it if you

24  need to.

25      Sir, could you please state your full name?

1     THE DEFENDANT:  My name is Naif Abdulaziz Alfallaj.

2     THE INTERPRETER:  Your Honor, does the Court require

3 the interpreter to repeat the answers that are given in English?

4     THE COURT:  Thank you.

5   Do you understand that you are now under oath and if you

6 answer any of my questions falsely or make any untruthful

7 statements, your answers or statements may be later used against

8 you in another prosecution for perjury or making a false

9 statement?

10     THE DEFENDANT:  Yes.

11     THE COURT:  Do you understand that the assistant United

12 States attorney will be asking you questions which you will

13 answer under oath for the purpose of establishing a factual basis

14 for your plea?

15     THE DEFENDANT:  Yes.

16     THE COURT:  If at any time during these proceedings

17 there's anything that you do not understand, if you'll please let

18 me know and we can stop and I can either rephrase the question or

19 I'll give you the opportunity to visit with your attorney.  Do

20 you understand that you can consult with your attorney at any

21 time during this proceeding?

22     THE DEFENDANT:  Understood.

23     THE COURT:  Sir, how old are you?

24     THE DEFENDANT:  Thirty-five.

25     THE COURT:  How far did you go in school?

1        THE DEFENDANT:  Middle school.

2        THE COURT:  And it was reflected on your plea petition

3   the U.S. equivalent of the ninth grade; is that correct?

4        THE INTERPRETER:  Interpreter is going to pose the

5   question again.

6        THE DEFENDANT:  If the ninth grade is equivalent to

7   middle school?

8        THE COURT:  Approximately.

9        THE DEFENDANT:  Yes.

10        THE COURT:  Sir, do you know how to read and write the

11   English language?

12        THE DEFENDANT:  A little bit.

13        THE COURT:  Have you had the services of an interpreter

14   available so that you have been able to understand the various

15   written documents and engage in discussions with your attorneys

16   in preparation of today?

17        THE DEFENDANT:  Yes.

18        THE COURT:  Are you currently under the influence of

19   any kind of medication, drug or alcohol that would in any way

20   affect your ability to think clearly and to understand these

21   proceedings?

22        THE DEFENDANT:  No.

23        THE COURT:  Have you ever been treated or been under

24   the care of a doctor for drug addiction or alcohol abuse?

25        THE DEFENDANT:  No.

1          THE COURT:  Have you ever been treated or been under

2     the care of a doctor for a mental or emotional condition?

3          THE DEFENDANT:  No.

4          THE COURT:  Have you received a copy of the indictment

5     alleging the charges that are made against you?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Counsel for the Government, if you could

8     please state the substance of the charges and the punishment

9     provided by law, including any term of supervised release.

10          MR. DILLON:  Yes, Your Honor.  The defendant was

11     indicted on February 6th of this year in a three-count

12     indictment.  Today he -- it is our understanding he intends to

13     plead guilty to Count 1 alleging visa fraud in violation of Title

14     18 United States Code Section 1546, Subsection A.

15          The penalty for that would be a term of imprisonment of not

16     more than ten years and/or a fine of not more than $250,000, a

17     term of supervised release of not more than three years and a

18     $100 special assessment.

19          The defendant is also intending to plead guilty to Count 3

20     of making a false, fictitious or fraudulent statement involving

21     an offense of international terrorism in violation of Title 18,

22     United States Code Section 1001, Subsection (a)(2).

23          THE COURT:  Mr. Dillon, I'm sorry.  Could you hold on

24     just a second?

25          THE INTERPRETER:  Your Honor, interpreter would like to

1  ask counsel to slow down a little bit.

2        MR. DILLON:  Yes.  Do I need to repeat any part of

3  that?

4        MS. DAVIS:  Matt, use the microphone.

5        MR. DILLON:  The offense of visa fraud is in violation

6  of Title 18, United States Code Section 1546, Subsection A.  If

7  convicted of that count, the defendant faces a term of

8  imprisonment of not more than ten years and/or a fine of not more

9  than $250,000, a term of supervised release of not more than

10  three years, and a $100 special assessment.

11      The defendant is also charged in Count 3 with making false,

12  fictitious or fraudulent statements involving an offense of

13  international terrorism in violation of Title 18, United States

14  Code Section 1001, Subsection (a)(2).  If convicted, the

15  defendant faces a term of imprisonment of not more than eight

16  years and/or a fine of not more than $250,000, a term of

17  supervised release of not more than three years, and a $100

18  special assessment.

19        THE COURT:  And are there any minimum mandatory

20  punishments, Counsel?

21        MR. DILLON:  There is not, Your Honor.

22        THE COURT:  Mr. Campbell, do you agree with the

23  Government's description of the charges and the associated

24  punishments?

25        MR. CAMPBELL:  I do, Your Honor.

1          THE COURT:  Mr. Alfallaj, do you agree with that as

2 well?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Did you understand everything that counsel

5 for the Government just described in terms of the summary of the

6 charges and the potential punishments?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Have you fully discussed these charges, as

9 well as your case in general, with your attorneys?

10         THE DEFENDANT:  Yes.

11         THE COURT:  Do you understand that you have a right to

12 plead not guilty to the charges filed against you in the

13 indictment that we have just discussed here in court?

14         THE DEFENDANT:  Can you repeat, please?

15         THE COURT:  Sure.  Do you understand that you have a

16 right to plead not guilty to the charges filed against you in the

17 indictment that we just discussed here in court?

18         THE DEFENDANT:  Yes.

19         THE COURT:  If you plead not guilty and persist in that

20 plea, then you have a right to a trial by jury on those charges.

21         THE DEFENDANT:  Yes.

22         THE COURT:  At that trial you would be presumed

23 innocent, the Government would have to prove your guilt beyond a

24 reasonable doubt, and that all 12 members of a jury would have to

25 be unanimous in their decision to find you guilty.  Do you

1    understand that?

2             THE DEFENDANT:  Yes.

3             THE COURT:  At that trial you would have the right to

4    assistance of counsel for your defense, the right to see and hear

5    all of the witnesses and have them cross-examined or questioned

6    in your defense, the right on your part to decline to testify

7    unless you voluntarily chose to testify in your own defense, and

8    that you would have the right to the issuance of subpoenas or

9    compulsory process to compel the attendance of witnesses to

10   testify in your own defense.

11        Do you understand all of those rights?

12            THE DEFENDANT:  Yes.

13            THE COURT:  Do you understand that if you were to

14   decide to not testify or put on any evidence, these facts cannot

15   be used against you?

16            THE DEFENDANT:  Yes.

17            THE COURT:  By entering a plea of guilty, if that plea

18   is accepted by the Court, there will be no trial and you will

19   have waived or given up your right to trial, as well as the other

20   rights that I just described to you, with the exception of the

21   right to counsel, and that you will be found guilty.  Do you

22   understand that?

23            THE DEFENDANT:  Yes.

24            THE COURT:  You are not a citizen of the United States;

25   is that correct?

1        THE DEFENDANT:  That's correct.

2        THE COURT:  Pleading guilty may result in your

3   deportation or removal from the United States, may prevent you

4   from ever lawfully reentering or remaining in the United States,

5   and may result in the denial of naturalization.  Deportation is

6   also mandatory for certain offenses.  You may be deported or

7   removed from the United States even if you are a legal resident

8   and even if you have legally lived in the United States for many

9   years.  Do you understand that?

10        THE DEFENDANT:  Yes.

11        THE COURT:  Counsel, is there a plea agreement

12   associated with the plea today?  If so, does it include the

13   waiver of a right to appeal?

14        MR. CAMPBELL:  Yes, there is, Your Honor.

15        THE COURT:  Sir, do you understand that under the plea

16   agreement that we will discuss here in a moment you are waiving

17   your right, or giving up your right to appeal or collaterally

18   challenge the sentence that's ultimately imposed by the Court,

19   except under very limited circumstances?

20        THE DEFENDANT:  Yeah, I waive my right.

21        THE COURT:  But you understand that you would be

22   waiving your right to appeal or collaterally challenge the

23   sentence?

24        THE DEFENDANT:  Yes.  The attorney explained all these

25   points to me.

1          THE COURT:  So you have discussed that waiver with your
2    attorney and you understand what rights you're waiving?
3          THE DEFENDANT:  Yes.  He explained this to me step by
4    step in the presence of interpreter.
5          THE COURT:  Mr. Campbell, do you believe that
6    Mr. Alfallaj fully understands the nature of the charges, the
7    possible punishment and the constitutional rights he is entitled
8    to and waiving today, including the right to appeal?
9          MR. CAMPBELL:  I do.
10          THE COURT:  Mr. Alfallaj, do you fully understand the
11    nature of the charges, the possible punishment and the
12    constitutional rights you are entitled to and waiving today,
13    including the right to appeal?
14          THE DEFENDANT:  Yes.
15          THE COURT:  Knowing all of the rights that you have and
16    would be waiving or giving up, and fully understanding the nature
17    of the charges against you and the possible punishment, how do
18    you plead to Count 1 of the indictment?
19          THE DEFENDANT:  Guilty.
20          THE COURT:  And how do you plead to Count 3 of the
21    indictment?
22          THE DEFENDANT:  Guilty.  Guilty.
23          THE COURT:  Do you have a copy of the petition to enter
24    plea of guilty?
25          THE DEFENDANT:  Yes.

1    THE COURT:  Have you and your attorney gone over each
2    and every one of those questions and your answers to those
3    questions?

4    THE DEFENDANT:  Yes.

5    THE COURT:  Do you understand all of the questions?

6    THE DEFENDANT:  Yes.

7    THE COURT:  Looking on Page 12 of the petition to enter
8    plea of guilty, is that your signature at the top of the page?

9    THE DEFENDANT:  Yes.

10    THE COURT:  Did someone either read the petition or did
11    you have it -- did you read it yourself or someone read it to you
12    before you signed it?

13    THE DEFENDANT:  The attorney in the presence of the
14    interpreter.

15    THE COURT:  Do you understand that if the Court accepts
16    your plea of guilty the Court may impose the same punishment as
17    if you had pleaded not guilty and had been convicted by a jury?

18    THE DEFENDANT:  Yes.

19    THE COURT:  Do you understand that the sentence you
20    will receive is solely a matter for the sentencing judge to
21    decide?

22    THE DEFENDANT:  Yes.

23    THE COURT:  Have you spoken with your attorney about
24    the sentencing guidelines?

25    THE DEFENDANT:  Yes, and he explained to me about the

1    guidelines.

2            THE COURT:   Under the sentencing guidelines developed

3    by the United States Sentencing Commission, a sentencing judge

4    must consider a sentence within the guideline range.   However,

5    these guidelines are advisory in nature, they are not mandatory.

6    A sentencing judge may impose a sentence that's either above or

7    below the recommended guideline range.   Do you understand that?

8            THE DEFENDANT:   Yes.

9            THE COURT:   You may not like or agree with what the

10   Court determines those guidelines to be, but that doesn't

11   necessarily mean you would be allowed to withdraw your plea of

12   guilty.   Do you understand that?

13           THE DEFENDANT:   Yes.

14           THE COURT:   In connection with sentencing, there is no

15   limitation placed on the information the Court can consider at

16   the time of sentencing considering your background, character and

17   conduct, so long as that information is reliable.   Do you

18   understand that the Court will consider all relevant conduct at

19   the time of sentencing?

20           THE DEFENDANT:   Yes.

21           THE COURT:   Do you also understand that if you violate

22   the conditions of any term of supervised release, you could be

23   given time in prison in addition to any time you may have already

24   served?

25           THE DEFENDANT:   Yes.

1          THE COURT:  Do you understand that it is possible that
2    the combined length of a prison term, together with a term of
3    incarceration resulting from a violation of the terms of
4    supervised release, might exceed the statutory maximum for this
5    offense?
6          THE DEFENDANT:  Yes.
7          THE COURT:  Is your plea of guilty and the waivers of
8    your rights made voluntarily and completely of your own free
9    choice?
10         THE DEFENDANT:  Yes.
11         THE COURT:  Has anyone in any way attempted to force or
12   pressure you to plead guilty?
13         THE DEFENDANT:  No.
14         THE COURT:  Counsel has indicated there's a plea
15   agreement and an accompanying plea supplement, the supplement
16   which will be filed under seal, between you and the Government in
17   this case; is that correct?
18         THE DEFENDANT:  Yes.
19         THE COURT:  Have you fully discussed this plea
20   agreement with your attorneys?
21         THE DEFENDANT:  Yes.
22         THE COURT:  Looking on Page 14 of the plea agreement,
23   is that your signature?
24         THE DEFENDANT:  Yes.
25         THE COURT:  Mr. Dillon, would you please summarize the

1    terms of the plea agreement, including the removal provisions?

2              MR. DILLON:  Yes, Your Honor.

3         The defendant will enter a plea of guilty to Count 1, visa

4    fraud, in violation of Title 18, United States Code, Section 1546

5    (a); and Count 3 of the indictment, false, fictitious or

6    fraudulent statements involving an offense of international

7    terrorism in violation of Title 18, United States Code,

8    Section 1001(a)(2).  In return for this plea of guilty, the

9    Government agrees that Mr. Alfallaj should receive a two-point

10   reduction in his guideline offense level for acceptance of

11   responsibility, and will, if applicable, move for a third point

12   reduction pursuant to Section 3(e)1.1(b) as well.

13        The defendant understands that the United States intends to

14   advocate for and present evidence related to the fact that the

15   offense and matter involved and was related to international

16   terrorism pursuant to United States Sentencing Guide Section

17   3(a)1.4, the terrorism adjustment.  The defendant reserves the

18   right to advocate against and present evidence against the

19   terrorism adjustment.

20        The defendant agrees to the entry of a stipulated judicial

21   order of removal pursuant to Title 8, United States Code Sections

22   1228(c)5 and 1227.

23        As part of the plea agreement, Mr. Alfallaj generally waives

24   certain rights, including, but not limited to, the right to

25   appeal his guilty plea and any other aspect of his conviction,

1    including, but not limited to, any rulings or pretrial

2    suppression motions or any other pretrial dispositions of motions

3    and issues.

4         Mr. Alfallaj waives his right to appeal his sentence as

5    imposed by the Court, including any restitution and the manner in

6    which his sentence was determined, except if a sentence is above

7    the advisory guideline range determined by the Court to apply in

8    this case.  This waiver does not include the defendant's right to

9    appeal specifically the substantive reasonableness of his

10   sentence.  And the defendant waives his right to collaterally

11   challenge or move to modify under Title 28, United States Code

12   Section 2255; Title 18, United States Code Section 3582(c)2 or

13   any other grounds, his conviction or sentence including any

14   restitution, except with respect to claims of ineffective

15   assistance of counsel.

16        The Government for its part waives its right to appeal

17   except an appeal as to the substantive reasonableness of a

18   below-guideline sentence.  The defendant agrees to -- that he

19   shall commit no further crimes.  In exchange for Mr. Alfallaj's

20   guilty plea, the Government will also agree that the defendant

21   will not be further prosecuted by the United States attorney's

22   office for the Western District of Oklahoma for any crimes

23   related to his visa fraud during the period from in or about

24   March 2012 to February 6th of 2018 and his false statements on

25   December 4th of 2017.

1      And finally, at sentencing the Government will move to

2    dismiss Count 2 of the indictment.

3           THE COURT:  Thank you, Counsel.

4      Mr. Campbell, do you agree with the summary as stated by

5    counsel for the Government?

6           MR. CAMPBELL:  Yes, Your Honor.

7           THE COURT:  Mr. Alfallaj, do you understand everything

8    that counsel for the Government just said?

9           THE DEFENDANT:  Yes.

10           THE COURT:  Do you agree that that fairly summarizes

11    the plea agreement that you have entered into with the

12    Government?

13           THE DEFENDANT:  Yes.

14           THE COURT:  Does the plea agreement, along with that

15    plea supplement, contain your complete understanding and

16    agreement with the Government in this case?

17           THE DEFENDANT:  Yes.

18           THE COURT:  Do you understand that the Court can reject

19    the plea agreement after completion of the presentence

20    investigation if the Court finds that the plea agreement is not

21    in the interest of justice?

22           THE DEFENDANT:  Yes.

23           THE COURT:  And do you understand that you do not have

24    a right to withdraw your plea if I do not go along with the

25    suggestions in the plea agreement in regard to sentencing?

1          THE DEFENDANT:  Yes.

2          THE COURT:  And as discussed earlier, you understand

3  you are waiving your right to appeal in all but limited

4  circumstances as detailed in the plea agreement?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Has any promise been made by anyone which

7  causes you to plead guilty other than the promises that are made

8  in the plea agreement?

9          THE DEFENDANT:  No.

10         THE COURT:  Do you have any questions at all about the

11 plea agreement?

12         THE DEFENDANT:  Everything is clear.

13         THE COURT:  Counsel for the Government, if you would

14 please inquire of the defendant to establish a factual basis for

15 the plea of guilty.

16         MR. DILLON:  Yes, Your Honor.

17    Mr. Alfallaj, from in or about March 2012 to February 6th of

18 2018, did you knowingly possess a nonimmigrant visa?

19         THE DEFENDANT:  Correct.

20         MR. DILLON:  During this time did you possess this

21 nonimmigrant visa in the Western District of Oklahoma?

22         THE DEFENDANT:  Yes.

23         MR. DILLON:  Was the nonimmigrant visa procured by

24 means of a materially false statement or fraud?

25         THE DEFENDANT:  Yes.

1          MR. DILLON:  Did you know the nonimmigrant visa was

2    procured by means of a materially false statement or fraud?

3          THE DEFENDANT:  Yes.

4          MR. DILLON:  On October 2nd of 2016, in the Western

5    District of Oklahoma, did you make a false statement or

6    representation to the FBI and HSI agents?

7          THE DEFENDANT:  Yes.

8          MR. DILLON:  Did you make this statement with the

9    knowledge that it was false?

10          THE DEFENDANT:  Yes.

11          MR. DILLON:  Did you make the false statement

12    willfully, that is, deliberately, voluntarily and intentionally?

13          THE DEFENDANT:  Yes.

14          MR. DILLON:  Do you agree that the false statement was

15    made in a matter within the jurisdiction of the executive branch

16    of the United States?

17          THE DEFENDANT:  Yes.

18          MR. DILLON:  Do you agree that the false statement was

19    material?

20          THE DEFENDANT:  Yes.

21          MR. DILLON:  Do you agree that the false statement

22    involved an offense of international terrorism only for the

23    purpose of Title 18, United States Code Section 1001?

24          THE DEFENDANT:  Yes.

25          MR. DILLON:  Do you also adopt and affirm the

1  statements in the defendant's plea statement in support of

2  judicial removal signed by you on December 5th of 2018?

3          THE DEFENDANT:  Yes.

4          MR. DILLON:  Do you agree with and admit the statements

5  made in the application for and factual allegations in support of

6  the judicial order of removal filed as Document No. 65 on

7  December 7th of 2018?

8          THE DEFENDANT:  Yes.

9          MR. DILLON:  Nothing further, Your Honor.

10          THE COURT:  Thank you, Counsel.

11      Mr. Alfallaj, in addition to the answers that you just

12  provided to the Government, can you please tell me in your own

13  words what you did?

14          THE DEFENDANT:  You mean with the Government?

15          THE COURT:  In your own words what you did, the actions

16  you took to violate and commit the crimes that you are attempting

17  to plead guilty to in Counts 1 and 3 of the indictment.

18          THE DEFENDANT:  On December 4th I went to the FBI with

19  my wife and children.  I wanted to find out from them -- because

20  I was forbidden from flying, I wanted to find out what was the

21  reason and if there was anything to be corrected.

22      And I informed them that I had been in the United States for

23  six years and I was sure that I did not commit anything wrong or

24  do anything wrong.  They posed three questions to me.

25          THE COURT:  Let me stop you for just a minute.

1          Mr. Campbell, would you like a minute to confer with your
2     client?
3               MR. CAMPBELL:  I don't think the defendant understands
4     what the Court is asking for right now.  If I could have a
5     moment.
6               THE COURT:  Yes, please.
7          (Discussion held off the record.)
8               THE COURT:  Mr. Campbell, do you believe your
9     client understands -- have you had a chance to confer?
10               MR. CAMPBELL:  I do, Your Honor.  He just misunderstood
11     the question and I clarified that for him through the
12     interpreter, and I think he now understands what the question was
13     and he's ready to proceed.
14               THE COURT:  Thank you.  Please proceed.
15               THE DEFENDANT:  I was aware that I gave false
16     information on the application for the visa.  And I gave some
17     false information to the FBI and I knew they were false.
18               THE COURT:  Mr. Alfallaj, are you pleading guilty to
19     Counts 1 and 3 of the indictment of your own free will because
20     you are, in fact, guilty?
21               THE DEFENDANT:  Yes.
22               THE COURT:  Are you fully satisfied with the services
23     of your attorneys?
24               THE DEFENDANT:  Yes.
25               THE COURT:  Do you believe they have properly counseled

1    and assisted you regarding the charges in these proceedings?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Have you understood all of my questions and

4    the questions of counsel?

5              THE DEFENDANT:  Yes.  Yes, everything was clear.

6              THE COURT:  Is there anything you have not understood

7    or do not understand about these proceedings?

8              THE DEFENDANT:  No.  Everything's clear.

9              THE COURT:  Counsel, do you know of any reason why the

10   Court should not accept the defendant's plea?

11             MR. CAMPBELL:  I do not, Your Honor.

12             THE COURT:  Counsel for the Government?

13             MR. DILLON:  No, Your Honor.

14             THE COURT:  Sir, I have previously explained to you

15   your rights, including your right to a jury trial, and in

16   connection with your plea of guilty you are waiving that right.

17   Is it still your desire to waive those rights?

18             THE DEFENDANT:  To proceed with what?

19             THE COURT:  Yes.  Is it still your desire to waive the

20   rights that we have described to you today?

21             THE DEFENDANT:  Yes.

22             THE COURT:  I have been presented with a waiver of jury

23   trial, a written document, that purports to bear your signature.

24   Did you sign this document?

25             THE DEFENDANT:  Yes.

1          THE COURT:  Based on your answers to the questions of

2     both Court and counsel, I find that you are competent to enter

3     this plea of guilty and that your plea is entered voluntarily and

4     with a full understanding of the rights you are giving up and

5     that there is a factual basis for your plea.

6          I accept your waiver of jury trial and your plea and find

7     you guilty as charged in Counts 1 and 3 of the indictment.

8          I'm referring your case to the probation office for the

9     preparation of a presentence investigation and report.  You will

10    be asked to give information for that report, and I would ask

11    that you and your counsel begin that process as soon as we're in

12    recess here today.

13         You and your counsel will have the opportunity to read the

14    presentence report and file any objections you have to the

15    information in that report prior to sentencing.

16         You and your counsel will also have the opportunity to speak

17    on your behalf at the sentencing hearing.  Do you understand all

18    of that?

19              THE DEFENDANT:  Yes.

20              THE COURT:  You will remain in the custody of the U.S.

21    marshals pending sentencing.

22         Is there anything further from either party?

23              MR. DILLON:  No, Your Honor.

24              MR. CAMPBELL:  No, Your Honor.

25              THE COURT:  Thank you.

1    Court will be in recess.

2                      (Court adjourned.)

3                   REPORTER'S CERTIFICATION

4         I, Emily Eakle, Federal Official Realtime Court

5    Reporter, in and for the United States District Court for the

6    Western District of Oklahoma, do hereby certify that pursuant to

7    Section 753, Title 28, United States Code that the foregoing is a

8    true and correct transcript of the stenographically reported

9    proceedings held in the above-entitled matter and that the

10   transcript page format is in conformance with the regulations of

11   the Judicial Conference of the United States.

12                      Dated this 19th day of June, 2019.

13

14

15                      **/S/ Emily Eakle**
                        EMILY EAKLE, RMR, CRR
16                      Federal Official Court Reporter

17

18

19

20

21

22

23

24

25